WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leucadia Air, LLC, | No. CV-18-03536-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bombardier Aerospace Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff Leucadia Air, LLC's Motion to Remand to State Court (Doc. 25). Defendant Bombardier Aerospace Corporation filed a Response, (Doc. 27), on December 18, 2018, and Plaintiff replied on December 26, 2018, (Doc. 28). For the reasons that follow, the Court grants the Motion.

**I.  BACKGROUND**

On September 24, 2018, Plaintiff filed a Complaint in Maricopa County Superior Court seeking a declaratory judgment and alleging breach of contract, breach of warranty, and breach of the covenant of good faith and fair dealing. (Doc. 1-1 at 4–7). This case was removed to federal court pursuant to 28 U.S.C. § 1441 on the grounds of diversity jurisdiction alone. (*See* Doc. 1 at 2). Plaintiff moves to remand this action to state court. (Doc. 25). Plaintiff rests its Motion to Remand solely on the basis that the amount in controversy does not exceed the statutory requirement for diversity jurisdiction. (*Id.* at 1).

**II.  LEGAL STANDARD**

The removal statute provides in pertinent part: "[A]ny civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, there is a "'strong presumption' against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Furthermore, a case removed from state court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

"District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Notably, the removing defendant bears the burden of establishing, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "[T]he amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Additionally, the amount in controversy may include expected future losses. *See Hunt*, 432 U.S. at 348. Mere belief in expected future losses, however, "hardly constitutes proof 'by a preponderance of the evidence.'" *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1090, 1090–91 (9th Cir. 2003)).

**III. ANALYSIS**

The parties do not dispute that the diversity of citizenship requirement for federal subject matter jurisdiction based on section 1332(a) has been satisfied. (*See* Docs. 25 at 2; 27 at 2). Because Plaintiff is a citizen of Nevada and potentially a citizen of Arizona, and Defendant is a citizen of Delaware and Kansas, (*see* Docs. 16 at 2; 25 at 2), the Court finds that the parties are "citizens of different states" pursuant to section 1332(a).

Both parties agree that the amount in controversy includes approximately $21,556

in actual warranty work and $5,166 in services and operating costs. (Docs. 25 at 2; 27 at 3). However, Defendant contends that its potential financial exposure under the warranty will amount to $72,506 if the Court grants declaratory judgment to Plaintiff. (Docs. 16 at 3; 16-4 at 2). In total, Defendant contends that the amount in controversy reaches $97,988, exceeding the $75,000 requirement. (Doc. 16 at 3).

However, Defendant estimates its potential financial exposure on calculations so faulty as to render it mere belief. On its own, "belief" cannot "establish[] that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Valdez*, 372 F.3d at 1117 (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Defendant reaches its estimate of future loss by "averag[ing] the amount incurred" under the warranty for the first twenty-three months of the contract and then extrapolating the average monthly cost over the remaining thirty-seven months. (Doc. 16 at 4). However, Defendant miscalculated the average, unmooring any subsequent extrapolation from a sound mathematical basis.

An average is the "sum of the scores divided by the number of scores." HOWARD M. REID, INTRODUCTION TO STATISTICS: FUNDAMENTAL CONCEPTS AND PROCEDURES OF DATA ANALYSIS 35 (2013). Here, "scores" are the total monthly costs incurred under the contract. It is undisputed that during the first twenty-three months of the contract, the entire amount alleged to be covered by the warranty equals $21,556. (Docs. 25 at 2; 27 at 3). Defendant errs by dividing the total cost incurred by the number of months in which those costs arose rather than the number of months the contract had run. (*See* Doc. 27 at 4; Doc 16-4). A sum predicated on inaccurate calculations is supported only by mere belief, and belief alone cannot establish the amount in controversy. *See Valdez*, 372 F.3d at 1117.

Plaintiff contends that Defendant's "methodology for calculating 'expected future losses' . . . is [too] remote and speculative" to satisfy the evidentiary standard. (Doc. 28 at 2). However, the Court need not reach this issue because Defendant's formula—using the correct average monthly cost—returns an amount below $75,000. The average monthly cost for the first twenty-three months of the contract is $937.22, which, when extrapolated

1  over the remainder of the contract, yields $34,677.14.[1] (Doc. 27 at 4). Together, the
2  estimate of future costs under this formula and the undisputed amount in controversy equals
3  $61,399.14, an amount less than the statutory requirement.[2]

## IV. MOTION FOR ATTORNEYS FEES

Plaintiff requests that it be awarded its attorney's fees incurred in challenging removal pursuant to 28 U.S.C. § 1447(c) because Defendant "improvidently and unreasonably invoked removal." (Doc. 25 at 4). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, removal does not become objectively unreasonable "solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Basing an estimate of future losses on actual historical costs—as Defendant did here—is not unreasonable. *See, e.g.*, *Hunt*, 432 U.S. at 348. Accordingly, Plaintiff is not entitled to attorney's fees.

## V. CONCLUSION

Defendant has failed to establish by the preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action. For the foregoing reasons,

//
//
//
//
//
//
//
//

---

[1] $21,566 in total monthly costs ÷ 23 months = an average of $937.65 per month. $937.22 × 37 months = $34,677.14 in estimated costs over the remainder of the contract. (*See* Doc. 28 at 2).

[2] $5,166 + $21,556 + $34,677.14 = $61,399.14. (*See also* Doc. 28 at 2).

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court remand this case to Maricopa County Superior Court. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Maricopa County Superior Court.

**IT IS FINALLY ORDERED** that Plaintiff's request for attorney's fees is **DENIED**.

Dated this 31st day of January, 2019.

_____
James A. Teilborg
Senior United States District Judge